NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARISELA LOPEZ MERAZ; E.J.L.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    20-73046

Agency Nos.    A213-086-989
A213-086-990

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2025
Portland, Oregon

Before:  McKEOWN and SUNG, Circuit Judges, and FITZWATER,[**] District
Judge.

Marisela Lopez Meraz ("Lopez Meraz") and her minor daughter, E.J.L.,

petition for review of the Board of Immigration Appeals' ("BIA's") order

affirming the immigration judge's ("IJ's") order denying their applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition.

We review the agency's factual findings for substantial evidence.  *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019).  We review de novo questions of law and constitutional claims.  *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005).  "[W]here the BIA conducts its own review of the evidence and law, the court's review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted."  *Lezama-Garcia v. Holder*, 666 F.3d 518, 524 (9th Cir. 2011) (citation modified).  "Where . . . the BIA . . . agreed with several of the IJ's findings, and added its own reasoning, we review the decisions of both the BIA and the [IJ] to the extent that the BIA agreed with the [IJ's] conclusions."  *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (citation modified).

1.      The BIA did not err in denying Lopez Meraz's applications for asylum and withholding of removal on the ground that she did not show that the Mexican government is or would be unable or unwilling to protect her from her spouse's domestic violence.[2]  *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) ("persecution" is "committed by the government, or by forces that

---

[1] Because E.J.L.'s claims for relief from removal are entirely derivative of Lopez Meraz's claims, we refer only to Lopez Meraz in this disposition.

[2] On appeal, Lopez Meraz expressly waives claims based on a family-based particular social group ("PSG") and pursues claims based only on her proposed PSG of "Mexican women in domestic relationships they are unable to leave."

the government was unable or unwilling to control"). Because Lopez Meraz did not report the abuse she experienced to the police, it was her burden to "convincingly establish that doing so would have been futile or have subjected [her] to further abuse." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). Substantial evidence supports the BIA's determination that Lopez Meraz did not meet that burden. Lopez Meraz testified that she subjectively believed reporting to the police would be futile, and that she knew no one who had reported domestic violence to the police. Lopez Meraz also submitted country condition reports. Although the reports suggest that the Mexican government's efforts to prevent and prosecute domestic violence have had limited success, the record, viewed as a whole, does not compel a finding of futility.[3]

2. The BIA also did not err in denying Lopez Meraz's application for CAT relief on the ground that she did not show the Mexican government would consent to or acquiesce in her husband harming her. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (torture is "inflicted by, or at the

---

[3] The BIA erred in concluding that Lopez Meraz was not a member of her proposed particular social group, "Mexican women in domestic relationships they are unable to leave." The BIA concluded Lopez Meraz was not a member of that PSG because she physically separated from her abusive husband without harm. But physical separation alone does not mean that an abusive domestic relationship has ended. If it did, then any woman who escaped her persecutor and then filed an application for asylum on these grounds would be denied. Lopez Meraz remains a member of that PSG because her husband continues to threaten her and refuses to agree to a divorce unless she returns to Mexico.

20-73046

instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity" (quoting 8 C.F.R. § 1208.18(a)(1))). The record does not compel a finding of government acquiescence. Lopez Meraz argues that the agency considered only "selective citations" to the record, but she has not identified "highly probative or potentially dispositive evidence" that the agency failed to consider. *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011).

**PETITION DENIED.**[4]

---

[4] The motion to stay removal (Dkt. No. 7) is denied. The temporary stay of removal (Dkt. No. 8) remains in place until the mandate issues.

20-73046